

# Missouri Court of Appeals

## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD37713 |
| | ) | |
| v. | ) | **Filed: August 3, 2023** |
| | ) | |
| RODNEY BAKER, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Becky J.W. Borthwick, Judge

**<u>AFFIRMED</u>**

In one point, Rodney Baker appeals his conviction for vehicle hijacking, following a bench trial.[1] Baker claims the trial court abused its discretion in denying his motion for a continuance because "his defense counsel had a complete breakdown in communication, which entitled him to a continuance in order to attempt to obtain private counsel." Finding no merit in Baker's claim, we affirm.

## Background

Baker was charged with vehicle hijacking on June 27, 2021. On July 1, 2021, Baker entered a plea of not guilty, and the docket entry noted he intended to hire private counsel. On

---

[1] *See* § 570.027.1. All statutory citations are to RSMo (2016) unless otherwise indicated.

July 8, Baker again appeared before the trial court and the docket entry reflected Baker was still trying to hire private counsel but had also completed an application for public defender services. One day later, an attorney from the public defender's office ("defense counsel") entered his appearance.

On November 6, Baker filed a motion for speedy trial. On November 8, Baker requested he be released on his own recognizance so he could return to the Department of Corrections, where he had a parole hold. The trial court denied his request and set his trial date for March 7, 2022.

On March 1, 2022, six days before trial, Baker filed a motion to continue his case. The motion alleged that Baker and defense counsel met on February 25 "to discuss the evidence in this case and [Baker's] options" and that Baker:

> wished to waive his speedy trial request, and be allowed to either post his bond or request a release on his own recognizance in order to be returned to the Department of Corrections and serve his remaining time on that case. [Baker] stated a desire to seek private counsel to pursue this matter upon his release from the Department of Corrections.

On March 3, Baker waived his right to a speedy trial as well as his right to a jury trial at a pre-trial conference. Baker acknowledged that he "had plenty of time" to discuss the waiver with defense counsel and defense counsel had answered all his questions. The trial court inquired as to whether Baker had any mental health or competency issues that would affect his ability to waive his rights. Defense counsel stated that, despite some concerns with Baker's mental health stemming from the facts of Baker's case, defense counsel believed Baker was "in good shape right now" and, therefore, competent.

On March 4, defense counsel renewed Baker's motion for continuance, arguing Baker was "not comfortable pleading guilty" and "believe[d] he can -- he has the resources if -- when he's released to hire private counsel, and he has some resources also through his dad that he would like to explore to hire private counsel." The trial court stated Baker was "not

2

understanding that this case has to be concluded at some point," that there "had [been] many, many, pretrial conferences" and the request was clearly "a stall tactic[.]"

Baker himself was allowed to speak regarding the motion. Baker explained if he could get a bond reduction or be released on his own recognizance, he would be able to go back to the Department of Corrections, and, thereafter, "be released to a mental health facility in Kansas City where [he] would be eligible to work, to get a lawyer, and to have this done before the end of the year." He also told the court he wanted private counsel because he had:

> no contact with my lawyer, and I've been trying to get this from in front of you before it's getting this close. Like I've explained to him -- I've been writing my lawyer. I've been calling my lawyer. My family has been calling my lawyer. I haven't been able to get in front of you since October, and I haven't seen [my lawyer] except Friday. So I really didn't have any -- I had no other option.

Defense counsel explained he had attempted to visit Baker on multiple occasions at the jail but either other matters came up or the jail stopped bringing people out, so he "was not able to visit with [Baker] until later than [he] would have liked to have with the visit[.]"

The trial court denied the motion and explained the matter was ready for trial:

> [T]he fact that now not only does [Baker] have one, but two public defenders.[2] And the [c]ourt has great confidence in the level of time and advi[c]e that the parties have put into this case.
> And I know that having three pretrial conferences for any defendant is unusual, and for the record, we are -- our pretrial conference started yesterday morning. It was lengthy off the record then we returned at 1:30, and then we spent most of the afternoon with [Baker]. He was brought back this morning at 8:30. Our normal docket starts at 9:00, and now we are moving on this.
> I have personally observed the conferences between counsel and in other cases. So this is not something that is just being done last minute. The case is ready with witnesses, and because I do have availability and this is looking at the time standards in this case, a case that must be kept on track, and we are at a point where the case is procedurally ready to go.

The case proceeded to trial, and the trial court found Baker guilty of hijacking a vehicle.

---

2 Before trial, a second public defender also entered his appearance to represent Baker.

**Standard of Review**

"The decision whether to grant a motion for continuance is committed to the sound discretion of the trial court, and, on appeal, this Court's review is limited to whether the trial court abused that discretion." *State v. Jones*, 479 S.W.3d 100, 111 (Mo. banc 2016). "Last-minute motions for a continuance are not favored." *Id.* at 112. "An abuse of discretion occurs when a trial court's decision is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Harding*, 528 S.W.3d 362, 376 (Mo. App. 2017). "Reversal is warranted only upon a very strong showing that the court abused its discretion and prejudice resulted." *Jones*, 479 S.W.3d at 111 (quoting *State v. Edwards*, 116 S.W.3d 511, 535 (Mo. banc 2003)).

*State v. King*, 662 S.W.3d 799, 803-04 (Mo. App. S.D. 2023).

Baker argues he was entitled to a continuance in order to hire private counsel because there was "a complete breakdown in communication" between him and defense counsel. "To obtain a change of attorney on the eve of trial, a defendant must show an 'irreconcilable conflict' with counsel, which is a total breakdown in communication between the defendant and his attorney." *State v. Rice*, 249 S.W.3d 245, 251 (Mo. App. E.D. 2008). A general dissatisfaction with the amount of time defendant is able to spend with counsel is not a total breakdown in communication. *Id.* "Furthermore, while a defendant has a right to legal counsel, he is not entitled to the aid of a particular attorney as a matter of constitutional right. The right to be represented by counsel of one's own choosing is qualified by the public's right to the effective and efficient administration of justice." *Id.* (internal citations omitted).

Baker fails to demonstrate there was a complete breakdown in communication between him and defense counsel. Defense counsel appeared with Baker on pre-trial matters on at least seven occasions in the eight-month period.[3] Additionally, Baker's motion for continuance alleged Baker met with his defense counsel on February 25 "*to discuss* the evidence in this case and Baker's options." (Emphasis added). Likewise, Baker himself testified that he and defense

---

[3] The docket showed that Baker had appeared with defense counsel on the following dates before trial: August 9, 2021; August 23, 2021; September 17, 2021; November 8, 2021; February 25, 2022; March 3, 2022; and March 4, 2022.

4

counsel had had plenty of time to discuss his jury trial waiver and speedy trial waiver, and defense counsel had answered all his questions. Thus, the record does not support Baker's claim of a "complete breakdown in communication." To the contrary, the record suggests defense counsel was in regular contact with Baker and had met to discuss Baker's case prior to trial. While Baker may be dissatisfied with the amount of time he was able to spend with defense counsel, that alone is insufficient to warrant a substitution of counsel on the eve of trial.

Finally, Baker does not allege, let alone demonstrate, how he was prejudiced by the denial of the motion for continuance. Baker does not demonstrate any attempt to actually hire private counsel and any prejudice from the denial of his motion for continuance appears to be pure speculation. Nowhere does he claim private counsel would have defended his case differently. Nor does he claim the "breakdown" in communication impeded his defense. "When the defendant cannot point to 'specific information further investigation or preparation would have uncovered that would have benefitted . . . his defense at trial' and 'does not explain how more time to prepare would have made his defense more effective,' then he has not demonstrated prejudice." *State v. Dierks*, 564 S.W.3d 354, 360 (Mo. App. E.D. 2018) (quoting *State v. McClurg*, 543 S.W.3d 78, 82-83 (Mo. App. S.D. 2018)). The trial court did not abuse its discretion in denying Baker's motion for continuance.[4] Baker's point is denied.

## Conclusion

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

GINGER K. GOOCH, J. – CONCURS

---

[4] Nothing in the record suggests Baker or his family made any attempt to hire private counsel during the course of the case.